## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SOURCE DATA ACQUISITION, LP, <br> D/B/A WE SCAN IDS, ET AL., <br><br> Plaintiffs, <br><br> and <br><br> THE TALBOT GROUP, INC., <br> D/B/A IDPRO, <br><br> Defendant. | §§§§§§§§§§§§ | CASE NO. 4:07cv294 |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the Talbot Group's Motion to Remand (Dkt. 8). The basis of Talbot's motion is that there is no federal question jurisdiction and, in the alternative, that Defendants have waived jurisdiction by litigating "copyright" issues in state court and only removing the case to this Court after an unfavorable state court decision. Having considered the motion and the record before the Court, the Court finds it should be granted, in part. Specifically, the Court finds waiver and orders that all claims other than the federal Lanham Act and copyright infringement claims in the consolidated case be remanded to the 366th Judicial District Court, Collin County, Texas.

### BACKGROUND

Talbot filed its Original Petition and Application for Injunctive Relief in state court on May 18, 2007. The genesis of the action lies in Talbot's relationship with Juggernaut Information

1

Technology (JIT). For years, Talbot distributed JIT's programs to bars and clubs used to satisfy certain Texas Alcohol and Beverage Commission rules regulating sale of alcoholic beverages in "dry areas." There is no dispute that JIT owned the copyright to the software program used to check customer identification for alcohol purchases. What is at issue is the parties' business relationship and its eventual deterioration.

Talbot filed its state court action, alleging that it had an exclusive agreement to distribute the JIT software. Talbot alleged it furnished the hardware and managed the customer base. In return, JIT received 15% of gross revenues from customer contracts and Talbot received 85%. The customers also signed license agreements with JIT and were in effect the licensed end users. Talbot alleges that it also came up with improvements to the software which were subsequently incorporated by JIT.

After operating for four years under a verbal agreement, JIT notified Talbot that it was terminating Talbot's right to distribute or market the software. Shortly thereafter, JIT sold its software program including copyright ownership to Source Data. Talbot claims that JIT and Source Data engaged in a campaign to undermine its business and interfere with its customers.

Talbot thus filed its petition, alleging breach of contract, business disparagement, tortious interference with contract and business relations, civil theft (of customer data bases), misappropriation of trade secrets (confidential customer information), fraud, negligent misrepresentation, fraudulent inducement, conspiracy, exemplary damages and injunctive relief. Not to be outdone, JIT filed an answer, amended answer with affirmative defenses, counterclaim and third-party petition, and *cross-application for injunctive relief* in the state court action (emphasis

2

added). The affirmative defenses raised make no mention of copyright. JIT affirmatively sought relief for tortious interference with its contracts, theft of property, trespass to chattels and conversion, libel, slander and business disparagement, breach of contract, unfair competition, misappropriation of trade secrets and confidential information, declaratory judgment in part that JIT is the sole owner of the copyrighted software product, constructive trust and disgorgement, as well as request for injunctive relief. The causes of action pled by the parties are similar.

On June 18, 2007, the Defendants – including JIT and Source Data – removed the state court action within the 30 day time period in 28 U.S.C. § 1446(b) to this Court. That case was Case No. 4:07cv295 (the '295 case). Talbot subsequently filed this motion to remand in the '295 case.

On the same date they removed the state court case, Source Data and JIT also filed a separate complaint against Talbot in this Court. That case – which was apparently filed before the removal papers – was Case No. 4:07cv294 (the '294 case). On July 29, 2007, Source Data and JIT then filed a motion to consolidate the '295 into the '294 case, which was granted by Judge Schell on August 24, 2007. *See* Dkt. 22.

The previously filed motion to remand is now before the Court. In it, Talbot argues that the there is no federal question involved in the state court action, or, in the alternative, Defendants have waived the right to remove because they sought affirmative relief from the state court. Defendants argue that, despite Talbot's attempts at crafting a state court petition that avoids federal jurisdiction, Talbot's claims inherently involve federal copyright questions, thereby justifying removal to this Court.

3

## ANALYSIS

A defendant may remove a case to federal court based on the presence of a federal question when a plaintiff asserts "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir. 2002). Federal question jurisdiction must be determined from the face of a well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). A plaintiff may not avoid removal jurisdiction by simply failing to plead a necessary federal question in the complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983); *Carpenter v. Wichita Falls Ind. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ("A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action.") (internal quotation and citation omitted).

To the extent necessary in protecting its order of remand, the Court expressly finds that Talbot's state court petition did not contain a basis for removal and that, under the well-pleaded complaint doctrine, the '295 case was improvidently removed. However, the '295 case was consolidated with the '294 case on Source Data's motion. Therefore, the question becomes whether the consolidation moots Talbot's Motion for Remand.

The Court finds that it does not. Applying the standard set forth in *Ringwald v. Harris,* 675 F.2d 768 (5th Cir. 1982), the Court finds that the causes could not have been filed as a single suit.

Since Talbot was not – and claims not to be – the owner of the software, it could not have filed a copyright action. The Court consolidated the cases over the opposition of Talbot, indicating that there were common questions of law and fact. As to the state causes of action, that is true. However, for the purposes of determining the appropriateness of remand, the Court can treat the suits as separate. Therefore, should any or all of the claims be remanded?

In the notice of removal, two documents stand out. First, JIT appears to have had its charter forfeited at the time the original petition was filed. As a general rule, a corporation whose charter has been forfeited is denied the right to prosecute and defend in Texas courts. *See Real Estate-Land Title & Trust Co. v. Dildy,* 92 S.W.2d 318 (Tex. Civ. App.- Austin 1936, writ ref'd). Under the Texas Tax Code, a corporation that has not paid its franchise taxes is prohibited from going into Texas state courts to sue or defend except in an action for forfeiture of charter. *See* TEX. TAX CODE ANN. § 171.252(1). Thus, a corporation that has forfeited its charter for failing to pay its franchise taxes has lost its capacity to go into court to prosecute or defend a suit.

Second, it appears that JIT never filed copyright registrations for the software in the Copyright Office. The first registrations appear to have been filed by Source Data on June 15, 2007. That date of filing comes well after Defendants filed their amended answer and counterclaim, as well as after the state court entered injunctive relief against Defendants. "The Copyright Act requires that 'no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title.'" *Morris v. Bus. Concepts, Inc.,* 259 F.3d 65, 68 (2d Cir. 2001) (quoting 17 U.S.C. § 411(a)); *see also Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 453 (2d Cir. 1989) ("[P]roper registration is a

prerequisite to an action for infringement."). Thus, "federal district courts do not have jurisdiction over a claim for federal copyright infringement until the Copyright Office has either approved or refused the pending application for registration." *Corbis Corp. v. UGO Networks, Inc.,* 322 F.Supp.2d 520, 521 (S.D.N.Y. 2004).

If this Court lacked jurisdiction on May 18, 2007 to hear a copyright infringement action because no certificate of registration was ever filed, then no amount of artful pleading by Talbot could have raised a removable basis for jurisdiction. *See also Geoscan, Inc. of Texas v. Geotrace Technologies, Inc.*, 226 F.3d 387 (5th Cir. 2000). In other words, before copyright jurisdiction could have attached, there would have to be a registration as to the software. That failing, no amount of affirmative pleading or defense could have conferred jurisdiction.

This Court is guided by the proposition that federal question jurisdiction must be presented by a plaintiff's complaint as it stands at the time of removal. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998). Plaintiff's complaint here was never amended. If Source Data had not apparently suddenly discovered that no registration certificates had ever been filed on the software, the Court could remand this case without further discussion. The question then becomes whether Source Data's last minute registration– three days before it removed the case– confers federal question jurisdiction as arising from Plaintiff's complaint.

Any doubt about the propriety of removal must be resolved in favor or remand. *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Here, Talbot makes no claim as to copyright ownership. Source Data in its state court counterclaim for declaratory relief requests a declaration that it is sole owner of the copyrighted product. However, not all claims for ownership implicate the

Copyright Act. For example, at times, the issue of whether there is co-ownership may be determined by the terms of a contract governed by state law or through other ownership interests governed by state law and thus not require application of the Copyright Act. *See, e.g., Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1, 4-5 (1st Cir. 1987) (rejecting federal question jurisdiction where claim of co-ownership, "in its very nature and essence, [was] one for breach of contract" under state law). Where a case is before the court under federal question jurisdiction, pendent-claim jurisdiction over state law claims exists where there is a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). While the federal courts have power to hear cases in such circumstances, they may exercise discretion over whether or not to exert that power. *Id.*, 383 U.S. at 726, 86 S.Ct. at 1139.

Added to the mix is Talbot's position that Defendants' conduct waived their right to removal. It is hard to imagine a situation in which the Defendants could waive removal in the limited 30-day window accorded to them by statute. *See* 28 U.S.C. § 1446 (b). Yet, the Court finds that these Defendants have succeeded in accomplishing such waiver.

There is no question that a defendant may waive its right of removal by taking substantial action in state court prior to removal. *See* 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3721 (3d ed. 1998). Waiver will not occur, however, unless it is "clear and unequivocal." *See Beighley v. F.D.I.C.,* 868 F.2d 776, 782 (5th Cir. 1989); *Custom Blending Int'l, Inc. v. E.I. Dupont De Nemours & Co.,* 958 F. Supp. 288, 289 (S.D. Tex. 1997). Generally, there is no waiver "short of proceeding to adjudication on the merits." *See Beighley,* 868 F.2d at 782. In essence, waiver is meant to prevent a defendant from

7

using removal as an insurance policy against unfavorable treatment in state court. *See Rosenthal v. Coates,* 148 U.S. 142, 147-48, 13 S.Ct. 576, 577, 37 L.Ed. 399 (1893) ("[A] defendant simply cannot...'experiment on his case in the state court, and upon an adverse decision then transfer it to the federal court.'"); *Aynesworth v. Beech Aircraft Corp.,* 604 F. Supp. 630, 637 (W.D. Tex. 1985) (quoting *Rosenthal*, 148 U.S. at 142). Thus, simply filing an answer, making preliminary motions, and the like does not waive the right of removal. *See Custom Blending Int'l, Inc.,* 958 F.Supp. at 289 (finding that a defendant did not waive its right to remove by filing motions to transfer venue and for summary judgment in state court); *Labry v. I.R.S.*, 940 F. Supp. 148, 149 (E.D. La. 1996) (holding that answering a complaint does not waive removal).

There are two factors that will guide the Court in determining when there is clear and specific intent and hence whether the right to remove has been waived. First, a court must look at whether the actions were taken by the defendant in state court for the purpose of preserving the status quo, or whether they manifested an intent to litigate the merits of the claim. Second, the court asks whether removal can be characterized as an appeal from an adverse judgment of the state court. *See Haynes v. Gasoline Marketers, Inc.,* 184 F.R.D. 414, 416 (M.D. Ala. 1999); *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 574 (E.D. Tex. 2000).

There is a strong air of waiver in this case which amounts to nothing more than procedural jockeying. Both questions in the foregoing analysis must be answered in the affirmative.

Defendants did not merely seek to preserve the status quo. Defendants filed a counterclaim and cross-application for injunctive relief. Defendants asked the state court for a determination that they are the sole owners of the "copyrighted Texscan product." Defendants filed a brief in state court

explaining how they were entitled to an injunction. The state court's docket sheet indicates that the parties announced ready for the injunction hearing on June 1, 2007. The state court heard evidence and then continued matter until June 7, 2007. The state court then resumed the hearing on June 7, 2007, heard evidence, and denied Defendant's cross-application for injunctive relief. After the temporary injunction was signed, Defendants removed the case.

If a party has a good ground for removal from state court, it cannot experiment on its case in state court before removing the case to federal court. *Gore v. Stenson*, 616 F. Supp. 895, 897 (S.D. Tex. 1984). Here, Defendants went far beyond seeking to preserve the status quo. They sought affirmative relief. In accordance with the proposition that removal is not an automatic right and can be waived by affirmative conduct inconsistent with that right, the Court finds that Talbot's motion to remand the consolidated case back to the 366th Judicial District Court, Collin County, Texas should be granted, in part.

Although Source Data filed an original complaint in this Court, it moved to consolidate the federal action with the removed action. This was granted. The only federal claims raised in the '294 suit not previously raised were the Lanham Act allegations, as well as copyright infringement. Therefore, the Court finds that the entire consolidated action – except as to the Lanham Act and copyright infringement claims – should be remanded for the reasons noted above. Talbot's motion should, therefore, be granted, in part and denied as to the federal Lanham Act and copyright infringement claims.

**Recommendation**

Based on the foregoing, the Court recommends that Talbot Group's Motion to Remand (Dkt. 8) be GRANTED in part and DENIED in part such that all claims other than the federal Lanham Act and copyright infringement claims should be remanded to the 366th Judicial District Court, Collin County, Texas for further proceedings.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of February, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

10